## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| WENDEL WILLIAMS, Individually and on Behalf ) Of All Others Similarly Situated, ) ) Plaintiff, ) ) vs. ) ) ELAN CORP., PLC et al., ) ) Defendants. ) _____) | Case No:1:05-CV-10413-JLT |
| SIDNEY D. FELDMAN FAMILY TRUST, ) Individually and on Behalf Of All Others Similarly ) Situated, ) ) Plaintiff, ) ) vs. ) ) ELAN CORP., PLC et al., ) ) Defendants. ) _____) | Case No:1:05-CV-10481-JLT |

## DECLARATION OF THEODORE HESS-MAHAN IN SUPPORT OF THE MOTION OF WILLIAM HADDAD FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND FOR APPROVAL OF SELECTION OF LEAD AND LIAISON  COUNSEL

I, Theodore M. Hess-Mahan, declare under penalty of perjury:

1.      I am an associate in the firm of Shapiro Haber & Urmy LLP ("Shapiro

Haber").  I submit this Declaration in support of the motion of William

Haddad ("Haddad") for consolidation, appointment of Lead Plaintiff and

approval of his selection of Lead and Liaison Counsel.

2.      Attached hereto as Exhibit A is a true and accurate copy of the notice

published by plaintiff in the action entitled <u>Williams v. Elan Corp., PLC</u>

on March 4, 2005.

3.      Attached hereto as Exhibit B is a loss chart of William Haddad.

4.      Attached hereto as Exhibit C is a true and accurate copy of the

certification of William Haddad.

5.      Attached hereto as Exhibit D is a true copy of the firm resume of Bull &

Lifshitz, LLP.

6.      Attached hereto as Exhibit E is a true copy of the firm resume of Shapiro

Haber.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on May 3, 2005.

**<u>/s/Theodore M. Hess-Mahan</u>**
Theodore M. Hess-Mahan

PrimeZone Media Network March 4, 2005 Friday

31 of 57 DOCUMENTS

Copyright 2005 PrimeZone Media Network, Inc.
PrimeZone Media Network

March 4, 2005 Friday  12:53 PM EST

**SECTION:** LAW & LEGAL ISSUES

**LENGTH:** 690 words

**HEADLINE:** Johnson & Perkinson Announces Filing of Class Action Lawsuit Against Elan Corp., plc

**BODY:**

SOUTH BURLINGTON, Vt., March 4, 2005 (PRIMEZONE) -- Johnson & Perkinson ("J&P") announces that it is commencing today in the U.S. District Court for the District of Massachusetts a class action on behalf of purchasers of Elan Corp., plc ("Elan") (NYSE:ELN) securities during the period between February 18, 2004 and February 25, 2005 (the "Class Period"). More information can be obtained on Johnson & Perkinson's website at www.jpclasslaw.com.

The complaint charges Elan and certain of its officers with violations of the Securities Exchange Act of 1934. Elan is engaged in the development and commercialization of TYSABRI, a vaccine designed to treat patients with multiple sclerosis (MS), slowing the progression of the disease and reducing incidents of relapses. Throughout the Class Period, defendants caused Elan to make a number of positive statements about the status of its clinical trials and the commercial potential of TYSABRI, causing Elan's stock to trade at artificially inflated prices. The Complaint alleges that Elan violated federal securities laws by issuing false or misleading information. Specifically, defendants failed to disclose and misrepresented the following material adverse facts: (i) that TYSABRI(r) (natalizumab), a monoclonal antibody for the treatment of Multiple Sclerosis ("MS"), posed serious immune-system side effects; (ii) that TYSABRI, like other MS drugs, made patients susceptible to progressive multifocal leukoencephalopathy ("PML") by changing the way certain white blood cells function, thereby allowing PML, a normally dormant virus, to run rampant within the human body; (iii) that defendants knew and/or recklessly disregarded documented facts that MS drugs can cause greater incidents of PML to occur; and (iv) that defendants concealed these facts in order to fast track TYSABRI for FDA approval so that they could reap the financial benefits from the sales of the drug.

On February 28, 2005, Elan shocked the market by reporting that they were withdrawing TYSABRI from the market following reports of patients contracting PML, with at least one instance resulting in death. The announcement caused Elan's shares to plummet, declining over 70% to approximately $8 per share on February 28, 2005.

The plaintiff is represented by J&P, which has expertise in prosecuting investor class actions and extensive experience in actions involving financial fraud. J&P is a litigation boutique dedicated to maximizing shareholders' returns and keeping the lead plaintiffs involved in the litigation. Attorneys Johnson and Perkinson are both former employees of the Securities and Exchange Commission. Members of the firm have prosecuted complex class actions on behalf of plaintiffs in the areas of securities and consumer fraud since 1985. Based in South Burlington, Vermont, the firm has prosecuted leading actions on behalf of defrauded investors against numerous public companies resulting in the recovery of many millions of dollars and has been singled out for its excellence by various courts. The firm is currently lead or co-lead counsel in securities class actions pending against Xerox, Priceline, i2, Allaire, and Exchange Applications and serves on the Executive Committee in the Global Crossing case.

Plaintiff seek to recover damages on behalf of all purchasers of Elan securities during the Class Period (the "Class"). If you bought Elan securities between February 18, 2004 and February 25, 2005 you may, no later than May 3, 2005, move the Court to serve as lead plaintiff of the Class. In order to serve as lead plaintiff, however, you must meet certain legal requirements. If you wish to discuss this action or have any questions concerning this Notice or rights or

PrimeZone Media Network March 4, 2005 Friday

interests with respect to these matters, please contact: Robin Freeman, Esquire at Johnson & Perkinson, toll free at 1-877-266-2133, via e-mail at email@jpclasslaw.com, or write to Johnson & Perkinson, P.O. Box 2305, South Burlington, Vermont 05403.

More information on this and other class actions can be found on the Class Action Newsline at www.primezone.com/ca

```
CONTACT:
    Johnson & Perkinson
            1-877-266-2133
```

**LOAD-DATE:** March 5, 2005

William Haddad Elan ADR Loss Chart

| Date | Amount of Shares Purchased (P) or Sold (S) | Price Per Share | Total Price |
|---|---|---|---|
| 7/01/04 | P-  500 | $25.28 | $ 12,640 |
| 8/09/04 | P-1000 | $17.37 | $ 17,370 |
| 8/12/04 | P-1000 | $20.82 | $ 20,820 |
| 8/16/04 | P-1000 | $20.45 | $ 20,450 |
| 8/17/04 | P-  400 | $21.35 | $   8,540 |
| 8/18/04 | P-  500 | $21.75 | $ 10,875 |
| 9/01/04 | P-  400 | $22.96 | $   9,184 |
| 9/02/04 | P-  500 | $22.98 | $ 11,490 |
| 9/08/04 | P-1000 | $23.488 | $ 23,488 |
| 9/10/04 | P-  500 | $23.57 | $ 11,785 |
| 9/23/04 | P-1000 | $23.32 | $ 23,320 |
| 10/20/04 | S-4000 | $23.50 | $(94,000) |
| 11/08/04 | P-1000 | $29.30 | $ 29,300 |
| 11/19/04 | P-1000 | $27.93 | $ 27,930 |
| 11/19/04 | P-1000 | $28.05 | $ 28,050 |
| 11/19/04 | P-1000 | $28.15 | $ 28,150 |
| 11/22/04 | P-1000 | $27.00 | $ 27,000 |
| 12/22/04 | S-1000 | $25.56 | $(25,560) |
| 12/28/04 | P-1000 | $26.85 | $ 26,850 |
| 1/14/05 | P-1000 | $28.47 | $ 28,470 |
| 1/26/05 | P-1000 | $26.00 | $ 26,000 |
| | | | |
| TOTAL | 10,800 | | $272,152 |
| | | | |
| Average Price 2/28/05 to Date = $5.60 | 10,800 | $5.60 | $  60,480 |
| Total Loss | | | $ (211,672) |

## CERTIFICATE OF NAMED PLAINTIFF

I, _William Haddad_, certify that:

1.     I have reviewed the complaint and authorized its filing or the filing of a Motion for Lead Plaintiff on my behalf by Bull & Lifshitz, LLP.

2.     I did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in any private action arising under this title.

3.     I am willing to serve as a representative party on behalf of a class and will testify at deposition and trial, if necessary.

4.     My transactions in _ELAN_____ securities that are the subject of this litigation during the class period set forth in the complaint are as follows:

| Security | Date of Transaction | Number of Shares Stating Whether Purchased(P) or Sold(S) | Price Per Share |
|----------|---------------------|----------------------------------------------------------|-----------------|
| _ELAN_ | _See Schedule A_ | | |
| | | | |

5.     I have not served as or sought to serve as a representative party on behalf of a Class under this title during the last three years.

6.     I will not accept any payment for serving as a representative party, except to receive my pro rata share of any recovery or as ordered or approved by the court including the award to a representative of reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

The foregoing are, to the best of my knowledge and belief, true and correct statements.

_William Haddad_

**About The Firm**

The law firm of Bull & Lifshitz, LLP is a prominent, nationally recognized law firm devoted exclusively to the prosecution of class and derivative actions on behalf of investors and consumers. A majority of the firm's cases involve federal or state securities laws, consumer fraud statutes or corporate governance matters. The firm handles matters on a contingency and hourly fee basis. The firm maintains its offices in New York City.

In pursuing its clients' interests, Bull & Lifshitz, LLP is able to draw upon its members' experience at one of the nation's leading firms specializing in securities and consumer class actions. The firm is committed to achieving favorable results for its clients in the most expeditious and economical manner possible. The members of Bull & Lifshitz, LLP are well known and respected among their peers.

Since its formation in 1999, this firm has represented shareholders as lead counsel, co-lead counsel or as an executive committee member in numerous cases some of which have already resulted in substantial recoveries on behalf of stockholders. Among the more prominent of these cases are:

Giarraputo v. UnumProvident Corp., J. Harold Chandler, James F. Orr, III, Robert E. Broatch and Thomas R. Watjen, Case No. 99-301-P-C (D. Maine) (executive committee member, $45 million cash settlement approved)

In re Musicmaker.com, Inc. Securities Litigation, Master File No. 00-02018 (C.D.Cal.) (executive committee member, $13.75 million cash settlement approved)

In re Homestead Village, Inc. Shareholder Litigation, Consolidated C.A. No. 24-C-O-001556 (Circuit Court Baltimore, State of Maryland) (executive committee member, $10.9 million settlement approved)

In re Rite Aid Corporation Derivative Litigation v. Alex Grass, Rite Aid Corp. et al., C.A. No. 17440 (Court of Chancery, Delaware State Court, New Castle County) (appointment as co-lead counsel, global settlement of class and derivative actions in the Eastern District of Pennsylvania including $5 million cash settlement earmarked for Delaware and Pennsylvania derivative actions)

Imler v. AES Corp. et al., Consolidated File No. 1:03-cv-00194-LJM-WTL (S.D. Ind.) ( lead counsel for bond holders, preliminary approval of $5 Million cash settlement for bond and common stock holders)

In re Avis Group Holdings, Inc. Shareholder Litigation, Consolidated C.A. No. 18212 (Court of Chancery, State of Delaware, New Castle County) (co-lead counsel, increased consideration for Avis shareholders of $4 per share or approximately $100 million)

In re Prodigy Communications Corp. Shareholders Litigation, Consolidated C.A. No. 19113-NC (Court of Chancery, Delaware State Court; New Castle County) (co-lead counsel, settlement increased consideration for Prodigy shareholders from $5.45 to $6.60 per share, or

approximately $81 million)

In re. Sportsline.com, Inc. Shareholder Litigation, Consolidated Case No. 538-N (Court of Chancery, Delaware State Court, New Castle County) (co-lead counsel, preliminary settlement increasing consideration to be paid to shareholders from $1.50 per share to $1.75 per share, or more than $7 Million)

In re. Liberty Satellite & Technology Inc. Shareholders Litigation, Consolidated C.A. No. 20224 (co-lead counsel, settlement increasing consideration to be paid to shareholders by 29%)

Stern v. Aon Corporation et al., Case No. 03 C 9079 (N.D. Ill.) (derivative lead counsel, settlement providing revised corporate governance policies)

Meisner v. Riallo et al., No. 19558-NC (derivative lead counsel, settlement providing revised corporate governance policies)

Gottdiener v. Wiltel Communications Group, Inc. et al., Consolidated Case No. A467700 (D.C. Nevada) (lead counsel, settlement providing additional disclosures for the class)

In re. IPO Securities Litigation, 21 MC 92 (S.D.N.Y) (member of steering committee)

Coleman v. Toal, et al. (Dime Bancorp, Inc. Shareholder Litigation), C.A. Nos. 17852, 17853, 17856 (Court of Chancery, State of Delaware, New Castle County) (co-lead counsel)

In re Kroll-O'Gara Shareholders Litigation, Case No. CV 9911 2178 (Court of Common Pleas, State of Ohio, Butler County) (co-lead counsel)

In re. J.P. Morgan Chase & Co. Shareholder Litigation, Consolidated C.A. No. 531-N (co-lead counsel)

In re. Mutual Funds Investment Litigation, MDL No. 1586 (Judicial Panel on Multidistrict Litigation) (lead counsel for Franklin Resources, Inc. and  Bank of America Corporation Derivative Actions)

DiLillo and Timmons v. Ustman Technologies, Inc., et al., Case BC 231418 (Superior Court, County of Los Angeles) (plaintiffs' class counsel; successful appeal and reversal of trial court decision thereby permitting putative class action to proceed)

***FIRM RESUME***

Shapiro Haber & Urmy LLP is a litigation firm based in Boston, Massachusetts that concentrates in the litigation of complex civil actions, particularly class actions.  We have represented investors, businesses and consumers in numerous significant class actions.  The firm has won multimillion dollar jury verdicts, arbitration awards and settlements for its clients and the classes.  The firm has extensive experience in both trials and appeals in state and federal courts.  Unlike many civil litigators, partners in the firm have conducted numerous jury trials.

The firm has been awarded the "AV" rating by the Martindale-Hubbell Law Directory.  Two of the firm's partners were named Massachusetts Super Lawyers in securities litigation in 2004.  The firm's website is located at www.shulaw.com.

Highlights of the firm's class action experience include the following:

1.    *Tucker v. Scrushy, et. al. (*Jefferson County, Alabama).  Edward Haber, a partner of the firm, is one of the Court appointed lead counsel in the consolidated derivative action brought on behalf of the HealthSouth Corporation against its former CEO, Richard Scrushy, its other former officers and directors, its auditors, investment bankers and others.  This action coordinates derivative actions brought on behalf of HealthSouth in the Delaware Chancery Court (*Biondi v. Scrushy, et. al.*), the Federal District Court in Alabama and the state court in Birmingham, Alabama.

2.    *U.S. West, Inc. v. MacAllister, et. al.,* (District of Colorado).  This was a derivative action arising from $10 million in fines assessed against U.S. West.  The firm was co-lead counsel for the derivative plaintiffs and the class.  U.S. West is one of the "Baby Bells" which was created in the court-approved break of American Telephone and Telegraph (AT&T).  The $10 million fine was imposed by the United States District Court for the District of Columbia as a result of U.S. West's violations of the Modification of Final Judgment ("MFJ") entered in *United States v. American Tel. & Tel. Co.,* 552 F. Supp 131 (D.D.C. 1982), aff'd mem. Sub nom. Maryland v. United States, 460 U.S. 1001 (1983), *modified United States v. Western Electric Co.*, 673 F. Supp. 525 (D.D.C. 1987), 714 F. Supp 1 (D.D.C. 1988), *aff'd in part and reversed in part*, 900 F.2d 213 (D.C. Cir. 1990).  The MFJ governed the break-up of AT&T and the regional telephone companies.  Notice of the settlement of this action

1

was sent to approximately 1,500,000 class members and shareholders of U.S. West. The firm (and its co-lead counsel) successfully dealt with a huge volume of written and telephonic inquiries which that class notice produced. The decision of the Court (Judge Lewis T. Babcock) approving the settlement of this action is published in the CCH Federal Securities Law Reporter [1992-1993 Transfer Binder], Para. 97,269 at page 95, 228 (December 18, 1992). In that decision Judge Babcock commended the efforts and results of the firm and co-counsel, as follows:

> The proposed settlement in this case was fairly and honestly entered into after exhaustive discovery and intense negotiations. . .

> All of these matters reflect thorough investigation not only by the plaintiffs, but by the demand committee in a manner that minimized the expenditure of time and resources in light of the issues raised by the demand.

> The Court is satisfied beyond question that . . . this reflects an arm's length settlement and negotiated by skilled and experienced attorneys in light of complex facts in a somewhat complex and novel context.

(*Id.* at page 95,235)

> It [the settlement] reflects a compromise of a dispute with a minimum of expenditure of expense and resources.

(*Id.* at 95,236)

> . . . Counsel who have been involved in this case come with a wealth of experience and skill in prosecuting class actions, derivative actions in the field and have expanded this skill and experience to address the rather novel issues that have been presented here.

(*Id.* at 95,237)

3.    *United States Trust Company of New York, et. al. v. Albert, et. al.* and *Investors Fiduciary Trust Company v. Jenner, et. al.* (Southern District of New York). These interpleader actions were brought by the plaintiff trust companies involving over $100 million dollars received by the plaintiffs as Trustees of several unit investment trusts. At issue is which combination of three groups of potential claimants are entitled to those funds. On July 25, 1995 United States Magistrate

Judge Sharon E. Grubin, in her Report and Recommendation to the Honorable Kimba M. Wood, recommended that the firm be appointed lead counsel for one of the three defendant classes.  (Judge Wood endorsed that recommendation.)  In doing so Magistrate Judge Grubin said as follows:

> I should note at the outset that both firms are highly qualified to act as lead counsel for the Class.  Briefly, Shapiro Grace [Haber & Urmy] has extensive experience in prosecuting class actions, including as lead counsel.  Haber himself . . . has litigated in federal courts across the country for 25 years . . . Haber, as well as the others in the firm, have impressive academic and professional credentials, including teaching and lecturing on securities litigation and other areas.

> . . . There is no doubt that both Shea & Gardner and Shapiro Grace [Haber & Urmy] have the qualities notes as necessary for lead counsel by the Manual for the Complex Litigation, Second, § 20.224 at 20 (1985); ability, commitment and resources. . .

> * * *

> Shapiro Grace [Haber & Urmy] has circulated to counsel and the court a draft of the summary judgment brief it has prepared, contending that the Former Holder Class is not entitled to any share of the Fund as a matter of law . . .

> * * *

> Without intending to express any view at this time as to the merits of Shapiro Grace [Haber & Urmy]'s proposed summary judgment motion or the wisdom if its strategy, I note that it shows thought in vigorous pursuit of what counsel believes is in the best interest of the class. . .

(Report and Recommendation, July 25, 1995, at 35-36 and 37 and 42.)

4.     *In re Merrill Lynch Analyst Reports Securities Litigation, 02-MDL-1484*, pending in the United States District Court for the Southern District of New York.  Mr. Haber is the court appointed Co-chairman of the Plaintiffs' Executive Committee.  The firm is also court-appointed lead counsel in two of the Merrill Lynch securities analyst cases.  *In re Merrill Lynch & Co.  InfoSpace Analyst Reports Securities Litigation,* and *In re Merrill Lynch & Co., Inc. Internet Capital Group, Inc. Research Reports Analyst Securities Litigation*.

5.     The firm has been appointed lead counsel or co-lead counsel in three securities fraud class actions pending in the District of Massachusetts against leading financial services firms for issuing allegedly false and misleading research reports.

5.     *Conseco Annuity Assurance Company v. Citigroup, Inc., et. al.* (Southern District of Texas).  The firm is counsel to Conseco Annuity Assurance Company in a class action against Citigroup, Inc., Citibank, N.A., Saloman Smith Barney and other Citigroup, Inc. subsidiaries.  The action alleges that the defendant sold approximately $2 billion of Enron Credit Link Notes (which would become worthless in the event of an Enron bankruptcy), in order to transfer the Citigroup defendants' loan exposure to Enron to the institutional purchasers of the Notes.  The action alleges that the defendants sold the Notes when they knew that Enron financial statements were fraudulent, which knowledge came from the fact that the Citigroup defendants had engaged in transactions with Enron pursuant to which Enron was creating its false financial statements.

6.     The firm represented the Commonwealth of Massachusetts Pension Reserves Investment Trust ("PRIT") in a securities fraud action against Bear Stearns & Co., Inc. in the U. S. District Court for the Southern District of California.  The case arose out of the sale of $81 million in subordinated debentures issued by Weintraub Entertainment Group ("WEG"), a start-up film company.  In February 1987, PRIT bought $5 million in bonds from Bear Stearns, the placement agent for the issuer.  WEG declared bankruptcy in 1990, and the bondholders lost virtually their entire investment.  A class action was filed in San Diego against Bear Stearns and others.  PRIT also filed suit in 1991, and in 1993 our action was consolidated with the class action for discovery and trial.  The case was tried to a jury in San Diego in the summer of 1998.  Shapiro Haber & Urmy LLP partner Thomas V. Urmy was PRIT's trial counsel.  After a 4 week trial, the jury found that Bear Stearns had committed securities fraud in violation of section 10b-5 and entered a $6.57 million verdict in favor of PRIT.  This award was 100% of the damages sought by PRIT at the trial.  The case was subsequently settled while on appeal to the Ninth Circuit.

7.     Shapiro Haber & Urmy partners Thomas Shapiro and Edward Haber were chief trial counsel in a securities class action entitled *Fulco v. Continental Cablevision,* C. A. No. 89-1342-Y, in a three-week jury trial before Chief Judge Young in the United States District Court in Boston.  The case was brought on behalf of the limited partners in four partnerships that owned and operated cable television systems.  The jury returned a verdict for the plaintiffs for approximately $4.5 million.

7.     Mr. Shapiro was chief trial counsel in a securities fraud class action against Polaroid Corporation in federal court in Boston, which resulted in a jury verdict with an estimated value of $80 million.  A panel of the Court of Appeals for the First Circuit found error in the jury instructions and remanded the case for a new trial.  Polaroid then petitioned for and received *en banc* reconsideration.  Sitting *en banc*, the First Circuit reversed the judgment.  *Backman v. Polaroid Corp,* 910 F.2d 10 (1 Cir. 1990).

8.      The firm is co-lead counsel in a securities fraud class action entitled *In Re Actrade Financial Technologies Securities Litigation* pending in the United States District Court for the Southern District of New York, which has been settled for $9.9 million, subject to court approval.

9.      The firm was liaison counsel in an antitrust class action in the District of Massachusetts against SmithKline Beecham that was settled in 2004 for $175 million.

9.      The firm is co-lead counsel in *In re Polymedica Corp. Securities Litigation*, a securities fraud class action pending in the District of Massachusetts.

9.      The firm represented the Louisiana Employees State Retirement System, and was appointed by the court as co-lead counsel, in a securities fraud class action entitled *In Re Molten Metal Technology, Inc. Securities Litigation* in the United States District Court for the District of Massachusetts.  In spite of the bankruptcy of Molten Metal, claims against the directors and officers of the company were settled for $11.91 million.  The firm was also co-lead counsel in a related class action on behalf of investors in Molten Metal stock which was settled for an additional $1.25 million.  *Axler v. Scientific Ecology Group, Inc.*

10.     The firm also served as co-lead counsel on behalf of the Louisiana Employees State Retirement System in a securities fraud class action against Kurzweil Applied Intelligence, Inc.  The action was settled with the company, certain of its officers, and certain underwriters of Kurzweil for $7.5 million in cash and stock.  After further litigation, an additional $2.15 million was recovered from Kurzweil's outside auditors. *Morton v. Kurzweil Applied Intelligence, Inc.* (D. Mass.).

11.     The firm represented a class of persons who had sold businesses to Waste Management, Inc. for common stock of Waste Management  The case arose from Waste Management's restatement of its financial statements.  The firm obtained summary judgment against Waste Management as to liability for a majority of the class members. The firm successfully defended defendant's appeal of the class certification order to the United States Court of Appeals for the First Circuit.  208 F.3d 288 (2000).  That was the first appeal ever heard by the First Circuit pursuant to Rule 23(f).  The case was subsequently settled for a combination of cash and stock with a total value of $25 million. *Mowbray v. Waste Management Holdings, Inc.*, (D. Mass.).

12.     The firm was co-lead counsel in a securities fraud class action against Inso Corp. in the District of Massachusetts that was settled for $12 million.

13.     The firm served as liaison counsel in a securities fraud class action against Picturetel Corporation based on allegedly false and misleading financial statements, including the improper recognition of revenue.  The case was settled for $12 million.  *In Re Picturetel Corp. Securities Litigation* (D. Mass.).

14.     The firm was one of three law firms that represented the class in a securities

5

fraud action against the software company Pegasystems, Inc., which arose out of the allegedly improper recognition of revenue from a software licensing contract. The case was settled for $5.25 million. *Chalverus v. Pegasystems, Inc.* (D. Mass.).

15.     The firm served on the Executive Committee of plaintiffs' counsel in the securities fraud class action against Centennial Technologies, Inc. and certain of its officers and directors. This action arose from one of the more notorious financial frauds in Massachusetts history. This action was settled for a combination of Centennial stock and cash with a value of approximately $20 million. Claims against Centennial's auditors settled for an additional $20 million. *In Re Centennial Technologies Litigation* (D. Mass.).

16.     The firm was co-lead counsel in a securities fraud class action against Presstek, Inc. and certain of its officers. The case was settled for over $20 million of Presstek stock. *Berke v. Presstek, Inc.* (D. N.H.).

17.     The firm represented the limited partners in ten oil and gas drilling limited partnerships in securities fraud class actions against the sponsor of the partnerships, officers of the sponsor, and the investment bank, lawyers and auditors for the partnerships. The firm overcame the bankruptcy of the sponsor, the bankruptcy of the investment bank, the insolvency of the primary directors and officers' insurance carrier and the dissolution of the defendant law firm, to recover settlements totaling approximately $15 million. *Holton v. Rothschild* (D. Mass.), and related cases.

18.     The firm served on the Executive Committee of plaintiffs' counsel in a securities fraud class action against Cambridge Biotech Corp. Cambridge Biotech was in bankruptcy, and this action involved delicate negotiations with the directors and officers' insurance carrier and the Trustee in Bankruptcy of Cambridge Biotech. The case was settled for $1.05 million in cash plus 25% of the equity in the new corporation that was formed pursuant to Cambridge Biotech's bankruptcy reorganization. *In Re Cambridge Biotech Corp. Securities Litigation* (D. Mass.).

19.     The firm was one of the lead counsel in the securities fraud class action against Kendall Square Research Corporation and certain of its officers and directors, which was settled for cash, stock and warrants, with a total value of approximately $17 million. After the settlement with the company and its officers and directors, the litigation proceeded against Kendall Square's outside auditors, and that action was settled for an additional $3.4 million. *In Re Kendall Square Research Corp. Securities Litigation* (D. Mass.).

20.     Mr. Shapiro successfully argued the appeal to the First Circuit in *Shaw v. Digital Equipment Corp.*, 83 F.3d 1194 (1 Cir., 1996), a securities class action that arose from a secondary offering of Digital securities. After remand, the case was settled for $5.2 million. Partners of the firm have argued at least five other securities fraud class actions in the First Circuit.

21.     The firm was one of plaintiffs' counsel in shareholder derivative litigation against Cendant Corporation, which arose from one of the largest financial frauds in American history.  The case was settled for $54 million.  *In Re Cendant Corp. Derivative Action Litigation* (D. N.J.).

22.     The firm served as lead counsel in the securities fraud class action against Open Environment Corp. and certain of its officers and directors, which was  settled for $6 million.  *Zeid v. Open Environment Corp* (D. Mass.).

23.     The firm represented the class in a securities fraud class action against Bank of New England Corporation, which arose from the largest bank failure in New England history.  The firm had to deal with the Bank's insolvency and competing claims against limited insurance policies by the Trustee in bankruptcy and the FDIC, as Receiver for the Bank.  The case was settled for $6.5 million.  *In Re Bank of New England Corporation Class Action Litigation* (D. Mass.).

24.     The firm was co-counsel in a class action suit against the underwriters for the sale of subordinated notes by Bank of New England Corporation.  Notwithstanding the dismissal of certain of the claims, the case was settled for $8.4 million.  *Slavin v. Morgan Stanley & Co., et al.*, C.A. No. 91-10191-S (D. Mass.).

25.     The firm was lead counsel in a securities fraud class action against Monarch Capital Corporation, which was settled for approximately $5 million.

26.     The firm represented a class of bondholders who had purchased $10 million of industrial revenue development bonds to fund construction of a hotel in Colorado.  There were over 60 defendants in the case, including underwriters, lawyers, numerous banks and an agency of the federal government as Receiver for various banks.  The firm settled the claims on favorable terms and also located a buyer for, and negotiated the sale of, the hotel, resulting in a recovery of over 80% of the bondholders' losses.

27.     The firm was co-counsel in the representation of a class of persons who were victimized by a "boiler room" commodities trading operation.  An extremely complex settlement was reached, including the limited use of a mandatory class to preclude future punitive damage claims.  *In Re First Commodity Corporation of Boston Customer Accounts Litigation,* MDL Docket No. 713 (D. Mass.).

28.     Mr. Haber and Michelle Blauner, also a Shapiro Haber & Urmy partner, represented one partner in a suit against another partner for breach of fiduciary duty.  The case was tried to a jury in the federal court in Boston, which returned a verdict in favor of our client. The verdict was affirmed on appeal.  *Wartski v. Bedford,* 926 F.2d 11 (1 Cir. 1991).

29.     Mr. Shapiro was co-trial counsel for a defendant in a jury-waived trial on an indictment for fraud in the sale of securities, filing false financial statements and conspiracy.

Mr. Shapiro was also on the brief in the appeal from that conviction.  *United States v. Lieberman*, 608 F.2d 889 (1 Cir. 1979).

Biographies of the firm's lawyers are as follows:

**Thomas G. Shapiro**

Mr. Shapiro graduated from Harvard College (*magna cum laude*) in 1965 and from Harvard Law School (*cum laude*) in 1969. Upon graduation, Mr. Shapiro was an associate of the late William P. Homans, Jr., a noted civil liberties and criminal defense lawyer. In 1973, Mr. Shapiro co-founded the law firm of Silverglate, Shapiro and Gertner with Harvey Silverglate and now United States District Judge Nancy Gertner, where he remained a partner until 1980.

During this period, Mr. Shapiro conducted a range of civil and criminal jury trials, including cases of first degree murder, armed robbery, criminal securities fraud, Selective Service System violations, and motor vehicle cases such as driving under the influence. One of his more notable jury trials was the defense of Susan Saxe on charges of first degree murder and armed robbery, in which Mr. Shapiro and now Judge Gertner were co-trial counsel. Mr. Shapiro has thus acquired a depth of trial experience not shared by many civil litigators.

In 1981, Mr. Shapiro co-founded a predecessor firm to his present firm, in which his practice has focused more on civil litigation and class actions. Mr. Shapiro has become well known for his expertise and experience in complex civil litigation, and especially securities class action litigation. He served as the first Chairman of the Federal Practice Committee of the Massachusetts Bar Association. He has on many occasions served on the faculty of Massachusetts Continuing Legal Education programs concerning complex litigations and class actions. Mr. Shapiro was one of four attorneys on the Lawyer Panel at the MCLE's Federal Court Judicial Forum '96 at the invitation of the United States District

9

Court.  Mr. Shapiro has also served on the faculty of a Flaschner Judicial Institute seminar for Massachusetts Superior Court judges on the Trial and Management of Complex Cases.

In addition, Mr. Shapiro has been a faculty member in many other continuing legal education programs concerning securities litigation sponsored by the Practicing Law Institute, ALI-ABA, the Massachusetts Academy of Trial Attorneys and the Boston Bar Association.  Mr. Shapiro has spoken on securities litigation issues at two conventions of the Massachusetts Association of Contributory Retirement Systems, Inc. (MACRS), an association of 106 county and municipal retirement systems in Massachusetts.  He has also been an invited speaker for the Pioneer Institute, the American Corporate Counsel Association and a NASDAQ Financial Executive Conference for senior officers of NASDAQ companies.

Mr. Shapiro is the author of the chapter "Depositions in Class Actions" in *Massachusetts Deposition Practice Manual*, published by MCLE in 1992, and co-author (with Shapiro Haber & Urmy partner Michelle Blauner) of *Securities Litigation in the Aftermath of In Re Data Access Securities Litigation*, 24 New. Eng. L. Rev. 537 (1990).

Mr. Shapiro is a member of the bar of the Commonwealth of Massachusetts, the United States District Court for the District of Massachusetts, the United States Court of Appeals for the First Circuit, and the Supreme Court of the United States.  He has been admitted *pro hac vice* in a number of other jurisdictions.

In addition to his extensive experience conducting jury trials in a variety of criminal and civil matters, Mr. Shapiro has tried two securities fraud class actions in which jury verdicts were returned in favor of the class, as well as a lengthy securities arbitration hearing that resulted in a multimillion dollar award to the plaintiff.  He has argued the

10

following securities fraud class actions in the United States Court of Appeals for the First Circuit:

> *Backman v Polaroid Corp.*, 910 F.2d 10 (1 Cir. 1990);
>
> *Shaw v Digital Equipment Corp.*, 82 F.3d 1194 (1 Cir. 1996);
>
> *Glassman v Computervision Corp.*, 90 F.3d 617 (1 Cir. 1996);
>
> *Geffon v Micrion Corp.*, 249 F.3d 29 (1 Cir. 2001).

Mr. Shapiro has been actively involved in a large number of the firm's securities litigation cases that did not result in jury trials or appeals.

Mr. Shapiro has an AV rating from Martindale Hubbell and he has been named a Massachusetts Super Lawyer in the field of securities litigation.

**Edward F. Haber**

Mr. Haber graduated from Cornell University in 1966 and from Harvard Law School (*cum laude*) in 1969. Upon graduation from Harvard Law School, he taught at the Boston College Law School during the 1969-1970 academic year. Thereafter, Mr. Haber began a civil and criminal trial practice, in which he acquired substantial trial experience before state and federal courts, in Massachusetts and elsewhere. The events leading up to one of the criminal trials that Mr. Haber conducted in federal court were described as the "New England News Story of the Year." Mr. Haber's extensive jury trial experience distinguishes him from most attorneys whose experience is limited to civil litigation.

Mr. Haber now specializes in prosecuting securities and consumer class actions. Over the years, he has prosecuted, along with his partners and associates, dozens of class actions, and he has the experience of bringing several of those class actions to trial.

11

Mr. Haber has participated as a faculty member of the New England Federal Securities Regulation Institute, sponsored by the American Law Institute/American Bar Association Committee on Continuing Professional Education. He has also participated as a faculty member of the Massachusetts Bar Association's seminar on the Fundamentals of Securities Arbitration. He is a member of the bar of the Commonwealth of Massachusetts, the Supreme Court of the United States, the United States Courts of Appeals For the First and Seventh Circuits and the United States District Courts for the Districts of Massachusetts, the Central District of Illinois and the Eastern District of Michigan.

Mr. Haber has an AV rating from Martindale Hubbell and he has been named a Massachusetts Super Lawyer in the field of securities litigation

**Thomas V. Urmy**

Mr. Urmy graduated from Amherst College in 1960 and from Yale Law School in 1964. Upon graduation, Mr. Urmy was employed at the law firm Root Barrett Cohen Knapp & Smith in New York City, where he assisted the senior litigation partner in that firm, Whitman Knapp. Mr. Knapp headed the Knapp Commission that investigated police corruption in New York City in the 1970s and was for many years a U.S. District Judge for the Southern District of New York, where he now sits as a Senior District Judge.

While employed at the Knapp firm, Mr. Urmy engaged in a general civil litigation practice in the state and federal courts, litigating cases in the Supreme Court of the State of New York and the United States District Court for the Southern District of New York.

Between 1973 and 1987, Mr. Urmy was with the Boston law firm Warner &

Stackpole, practicing in the area of civil litigation and handling securities, antitrust, banking, product liability, personal injury and other cases. During that time, Mr. Urmy tried numerous cases in the Massachusetts Superior Court and in the United States District Court in Massachusetts.

Since January of 1988, Mr. Urmy has been counsel to and a partner in Shapiro Haber & Urmy LLP, where he has continued his practice of civil litigation primarily in the state and federal courts in Massachusetts, but also in the federal courts in New York City, Washington, D.C. and the Southern District of California.

While at Shapiro Haber and Urmy, a significant part of Mr. Urmy's practice has been representing plaintiffs in class actions, including securities, consumer fraud and unfair labor practices cases. In 1998, Mr. Urmy represented the Pension Reserves Investment Trust of the Commonwealth ("PRIT") in a successful four-week trial in the United States District Court for the Southern District of California arising out of a fraudulent sale by Bear Stearns & Company to PRIT and others of subordinated debentures issued by a start-up film company known as Weintraub Entertainment Group. After a summary judgment entered against PRIT and others had been reversed by the Ninth Circuit, the case was tried to a jury. After trial, the jury entered a $6.57 million verdict in favor of PRIT against Bear Stearns, and the case later settled while on appeal to the Ninth Circuit.

During the course of his career, Mr. Urmy has successfully argued appeals before the United States Courts of Appeals for the First, Second and Ninth Circuits, the Massachusetts Supreme Judicial Court and the Massachusetts Appeals Court

Mr. Urmy has an AV rating from Martindale Hubbell.

13

**Michelle H. Blauner**

Ms. Blauner is a 1983 graduate of Cornell University (with highest distinction) and a 1986 graduate of Harvard Law School (*cum laude*), where she was a managing editor of the *Harvard Civil Rights-Civil Liberties Law Review*.  Between 1986 and January 1988 she was an associate at the Boston law firm of Foley, Hoag & Elliot.  In January, 1988 she joined Shapiro Haber & Urmy.  She became a partner of the firm in 1993.

Ms. Blauner has worked on many of the complex class actions prosecuted by the firm at both the trial and appellate level.  Her practice has been concentrated in federal securities class actions, common law breach of fiduciary duty class actions, shareholder derivative actions, ERISA class actions, and consumer class actions under Massachusetts G.L. c. 93A and other federal and state consumer protection laws.  She also has developed an expertise on the implications of company bankruptcies on securities and ERISA class actions against corporate officers and directors.

In May, 2002, Ms. Blauner served on the faculty of a Boston Bar Association program on the *Life Cycle of a Class Action.*  She is co-author, with Mr. Shapiro, of *Securities Litigation in the Aftermath of In Re Data Access Securities Litigation*, 24 New. Eng. L. Rev. 537 (1990).

Ms. Blauner is a member of the bar of the Commonwealth of Massachusetts, the United States District Court for the District of Massachusetts and the United States Court of Appeals for the First Circuit.  She has been admitted *pro hac vice* in numerous other federal and state courts.

**Theodore Hess-Mahan**

Mr. Hess-Mahan is a 1981 graduate of Tufts University and a 1990 graduate of Suffolk University Law School (*cum laude*).  Upon graduation from law school, he worked as a law clerk to Francis P. O'Connor, Associate Justice of the Supreme Judicial Court for the Commonwealth of Massachusetts.  He was an associate with the firm of Ropes & Gray from 1991 to 1997.  Mr. Hess-Mahan joined Shapiro Haber & Urmy as an associate in May 1997.  Mr. Hess-Mahan has been actively involved in the firm's securities litigation practice. In May 2002, he was on the faculty of a seminar entitled "The Life Cycle of a Class Action" sponsored by the Litigation Section of the Boston Bar Association.  Mr. Hess-Mahan is a member of the bar of the Commonwealth of Massachusetts, the Supreme Court of the United States, the United States Court of Appeals for the First Circuit, and the United States District Court for the District of Massachusetts.

**Todd S. Heyman**

Mr. Heyman is a 1993 graduate of Georgetown University and a 1999 graduate of Stanford Law School.  Upon graduation from law school, he worked as a law clerk to the Honorable Nancy Gertner, United States District Judge in the District of Massachusetts. Mr. Heyman joined Shapiro Haber & Urmy as an associate in September 2000.  Mr. Heyman has been actively involved in a number of the firm's securities, ERISA and labor class actions.  He is a member of the bar of the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts.

**Matthew L. Tuccillo**

Mr. Tuccillo is a 1995 graduate of Wesleyan University and a 1999 graduate of the Georgetown University Law Center.  While at Georgetown, Mr. Tuccillo served as a judicial intern to the Honorable Stephen F. Eilperin of the Superior Court for the District of Columbia, now a Senior Judge.

Upon graduation, Mr. Tuccillo was an associate at Brown, Rudnick, Freed & Gesmer, P.C. (now Brown Rudnick Berlack Israels, LLP) from 1999 to 2001.  There, Mr. Tuccillo gained substantial trial experience handling a broad range of civil litigation.  He represented *amicus* Health Care for All and co-authored briefs filed before the Supreme Judicial Court in *In re Harvard Pilgrim Health Care, Inc.*, 434 Mass. 51 (2001).  Mr. Tuccillo successfully conducted numerous municipal zoning hearings, and helped obtain a favorable jury verdict in an employment case in Massachusetts Superior Court.  He also worked on several complex cases, including representing the City of Boston in its litigation against the firearms industry.    After Brown Rudnick, Mr. Tuccillo was an associate with the Boston office of Lieff, Cabraser, Heimann & Bernstein, LLP, a national litigation firm, from 2001 to 2002.  There, he worked on a variety of complex and class action matters, including consumer protection, antitrust, and bankruptcy cases.  In particular, Mr. Tuccillo helped represent the Boston-based Prescription Access Litigation Project in numerous national drug pricing cases.

Mr. Tuccillo joined Shapiro Haber & Urmy as an associate in July 2002.  He now focuses his practice on the litigation of complex securities, consumer protection, and employment cases.

Mr. Tuccillo is a member of the bar of the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts.

16

**LARA A. SUTHERLIN**

Ms. Sutherlin graduated from Indiana University in 1992 and received her JD degree from Northeastern University School of Law in 1999.  She served as a clerk to the Honorable Michael Melloy, United States District Judge in the Northern District of Iowa in 2000 and 2001.

Ms. Sutherlin was an associate with the firms of Pyle, Rome, Lichten & Ehrenberg and Rodgers Powers & Schwartz prior to joining Shapiro Haber & Urmy LLP.

Ms. Sutherlin is a member of the bar of the Commonwealth of Massachusetts, the United States District Court for the District of Massachusetts and the United States Court of Appeals for the First Circuit.

**COUNSEL**

**Lawrence D. Shubow**

The Honorable Lawrence D. Shubow, counsel to the firm, is a retired Justice of the Brookline District Court, where he served from 1978 to 1990.  In addition to his position with the firm, Judge Shubow also serves as a mediator for the Massachusetts Appeals Court. Judge Shubow is a graduate of Harvard College and Harvard Law School.  He has served on the Massachusetts Supreme Judicial Court's Committee on Gender Bias and Advisory Committee on the Rules of Evidence.  He was a Consulting Editor for Summary of Massachusetts Law (four Vols.), West Publishing Company, 1997.

**Alfred J. O'Donovan III**

Mr. O'Donovan is a graduate of Holy Cross College and Suffolk Law School *(cum laude)*. He was awarded the Suffolk trustees' scholarship for graduate study and received an LL.M. in taxation from New York University Law School in 1975. He then joined the tax department of Coopers & Lybrand in Boston. In 1977, Mr. O'Donovan joined the Boston law firm of Cargill, Masterman & Cahill as a business and tax associate and in 1978 began teaching tax law as a member of the adjunct facility of Suffolk Law School. He was an Associate Professor of Law at Suffolk Law School from 1980 to 1985. In 1985, Mr. O'Donovan joined the Boston firm of Warner & Stackpole, as tax counsel, and became a partner in the following year. He was the partner in charge of the tax department from 1990 until 1993 when he became counsel to Shapiro Haber & Urmy.

Mr. O'Donovan has been an Adjunct Professor of Law at Suffolk Law School from 1993 to the present, teaching estate and gift taxation and U.S. international taxation.

As counsel to Shapiro Haber & Urmy, Mr. O'Donovan has continued his tax and business practice, including the litigation of tax disputes in the U.S. Tax Court.

Mr. O'Donovan is a member of the bar of the Commonwealth of Massachusetts, the United States District Court for the District of Massachusetts, the United States Court of Appeals for the First Circuit, the United States Tax Court and the Supreme Court of the United States.