UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------X
WENDELL WILLIAMS, Individually and on Behalf :
of All Others Similarly Situated,             :
                                              :  05 CV 10413 (JLT)
                    Plaintiff,                :
                                              :
       vs.                                    :
                                              :
ELAN CORP., PLC, G. KELLY MARTIN, LARS        :
ECKMAN, AND SHANE COOKE,                      :
                                              :
                    Defendants.               :
                                              :
---------------------------------------------------------------X
[Additional Caption Set Forth Below]


**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE CONUS
FUND GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF PURSUANT TO § 21D(A)(3)(B) OF THE SECURITIES
<u>EXCHANGE ACT OF 1934 AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

{00004664.DOC ; 1}

```
-----------------------------------------------------------X
                                                           :
SIDNEY D. FELDMAN FAMILY TRUST,                            :
Individually and on Behalf of All Others Similarly         :
Situated,                                                  :
                                                           :
                            Plaintiff,                     :   05 CV 10481 (JLT)
                                                           :
          vs.                                              :
                                                           :
ELAN CORP., PLC, G. KELLY MARTIN, LARS                     :
ECKMAN, AND SHANE COOKE                                    :
                                                           :
                            Defendants.                    :
-----------------------------------------------------------X
```

{00004664.DOC ; 1}

Movants The Conus Fund, LP; The Conus Fund (QP), LP; The Conus Fund Offshore, Ltd.; East Hudson Inc. (BVI); Steven & Julie Suran; and Gerald E. & Diane M. Harmon ("Movants" or the "Conus Fund Group") hereby respectfully submit this memorandum of law in support of their motion for: (i) consolidation of all related actions for all purposes, pursuant to Rule 42 of the Fed. Rules of Civil Procedure; (ii) appointment as Lead Plaintiff, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (iii) approval of Movants' selection of Lead Counsel.

## INTRODUCTION

The Actions are securities fraud class actions brought against Elan Corp., PLC ("Elan" or the "Company"), G. Kelly Martin, Lars Eckman, and Shane Cooke (collectively referred to as the "Defendants") alleging violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, on behalf of all persons who purchased Elan securities at artificially inflated prices during the proposed Class Period (collectively, the "Class").[1]

Movants purchased 600,190 shares of Elan securities between February 18, 2004 and February 25, 2005, inclusive (the "Class Period"), and suffered estimated losses[2] of $4,247,383.06 as a result of Defendants' misconduct. Movants seek appointment as Lead Plaintiff and approval of their selection of Counsel for plaintiffs and the Class as set forth herein.

---

[1] There are three cases against Elan pending in other jurisdictions. They are: Robert Hunt v. Elan Corp., PLC et al., 05-cv-2367 (MF) (N.D. Ill. Apr. 21, 2005); Barnett v. Elan Corp., PLC et al., 05-cv-2860 (RJH) (S.D.N.Y. Mar. 15, 2005); and, Malloff v. Elan Corp., PLC et al., 05-cv-3166 (RJH) (S.D.N.Y. Mar. 23, 2005).

[2] The estimated losses suffered by Movants are determined based on the certifications required under Section 21D of the Exchange Act and based on information concerning the current market for the Company's shares. See Affidavit of David Pastor, May 3, 2005, Ex. C. ("Pastor Aff.").

As discussed below, the Conus Fund Group has satisfied each of the requirements of the PSLRA and, therefore, is qualified for appointment as Lead Plaintiff.

## PROCEDURAL BACKGROUND

On or about March 4, 2005, the plaintiff in the Sidney D. Feldman Family Trust action[3] filed a complaint on behalf of a class consisting of all persons and entities who purchased Elan securities at artificially inflated prices during the proposed Class Period. On March 4, 2005, plaintiff in the Sidney D. Feldman Family Trust action published notice of the pendency of the action over a widely-available, national business-oriented wire service, PrimeZone Media Network, advising members of the proposed class of their right to move the Court to serve as lead plaintiff no later than 60 days from the date of publication of the Notice, i.e., by May 3, 2005. See Pastor Aff., Ex. A. Movants are filing this motion within the 60-day period following publication of the March 4, 2005 notice.

## STATEMENT OF FACTS

Elan develops, manufactures and commercializes pharmaceutical products. ¶ 19.[4] As of December 31, 2004, it had three commercial products: Tysabri (natalizumab) for the treatment of relapsing multiple sclerosis (MS), Azactam (rituximab) and Maxipime (cefepime hydrocholoride), both of which are antibodies for the treatment of infectious diseases in certain patients (the Company has also recently begun marketing Prialt (ziconotide intrathecal infusion) for the treatment of certain patients with severe chronic pain). ¶ 19. The Company receives

---

[3] Sidney D. Feldman Family Trust v. Elan Corp., PLC et al., 05-cv-10413 (JLT) (D. Mass. Mar. 4, 2005).

[4] References taking the form "¶__" refer to the complaint filed in action, Barnett v. Elan Corp., PLC et al., 05-cv-2860 (RJH) (S.D.N.Y. Mar. 15, 2005).

2

revenues from the sales of these products. ¶ 19.

The Class Period starts on February 18, 2004. ¶ 23. At that time, Elan, jointly with Biogen Idec, Inc. issued a press release with the headline "Biogen Idec and Elan Announce Intention to Submit Antegren® for Approval for Multiple Sclerosis Based on One-year Data." ¶ 23. On the same date, Elan touted significant Fourth Quarter 2003 and Full-Year Financial Results. ¶ 24. Through and including February 17, 2005, the Company continued to mislead investors as to the financial condition of the company and and the efficacy of TSYABRI. ¶¶ 25-33.

Statements by the Company were materially false and misleading when made because defendants failed to disclose or indicate the following: (1) that TYSABRI posed serious immune-system side effects; (2) that TYSABRI, like other MS drugs, made patients susceptible to progressive multifocal leukoencephalopathy ("PML") by changing the way certain white blood cells function thereby allowing PML, a normally dormant virus, to run rampant within the human body; (3) that defendants knew and/or recklessly disregarded documented facts that MS drugs can cause greater incidents of PML to occur; and (4) that defendants concealed these facts in order to fast track TYSABRI for FDA approval so that they could reap the financial benefits from the sales of the drug. ¶ 34.

On February 28, 2005, before the market opened, Elan voluntary suspended the marketing of TYSABRI, shocking the market and causing shares of Elan to fall $18.90 per share or 70.26 percent, to close at $8.00 on unusually high trading volume. ¶¶ 35-36.

# ARGUMENT

## POINT I

### The Actions Should Be Consolidated

The above-captioned actions involve class action claims on behalf of the purchasers of Elan securities and assert essentially similar and overlapping class claims for relief brought on behalf of purchasers of Elan securities. Consolidation is appropriate where, as here, there are actions involving common questions of law or fact. See Fed. R. Civ. P. 42 (a); Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir.), cert. denied, 498 U.S. 920 (1990). That test is met here and the Actions should be consolidated.

## POINT II

### Movants Should Be Appointed Lead Plaintiff

A.   **The Procedure Required By The PSLRA**

The PSLRA establishes a procedure governing the appointment of a lead plaintiff in "each action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). On March 4, 2005, notice of the first Elan action was published over PrimeZone Media Network. See Klein Decl., Ex. A.

Second, the PSLRA provides that within 90 days after publication of notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines the most adequate to represent the interests of the class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff,"

4

the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that - -
>
> (aa)   has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4 (a)(3)(B)(iii). See generally Greebel v. FTP Software, 939 F. Supp. 57, 64 (D. Mass. 1996).

### B.   Movants Satisfy The PSLRA's "Lead Plaintiff" Requirements

#### 1.   Movants Have Complied with the PSLRA in Timely Seeking Appointment as Lead Plaintiff

The time period in which class members may move to be appointed as lead plaintiff herein under 15 U.S.C. § 78u-4 (a)(3)(A) and (B) expires on May 3, 2005. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on March 2, 2005), Movants timely move this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Movants have duly signed and filed certifications stating that they have reviewed the complaint filed in the action and are willing to serve as a representative party on behalf of the Class. See Pastor Aff. Ex. B. In addition, Movants have selected and retained experienced and competent counsel to represent the Conus Fund Group and the class. See Pastor Aff., Exs. D and E.

Accordingly, Movants have satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiff and their

5

selection of counsel, as set forth herein, considered and approved by the court.

    2.    **Movants Have The Largest Financial Interest In The Relief Sought By The Class**

According to 15 U.S.C. § 21(a)(3)(B)(iii), the court shall appoint the lead plaintiff who represent the largest financial interest in the relief sought by the action. During the Class Period, as evidenced by, among other things, the accompanying signed certification, Movants purchased 600,190 shares of Elan securities and suffered estimated losses of $ 4,247,383.06 as a result of Defendants' misconduct. See Pastor Aff., Ex. C. Therefore, Movants herein have a significant financial interest in this case. Moreover, Movants have not received notice of any other competing applicant for lead plaintiff that has sustained greater financial losses in connection with the purchase of Elan securities.

Therefore, Movants satisfy all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

    3.    **Movants Otherwise Satisfy the Requirements of Federal Rules of Civil Procedure Rule 23**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only typicality and adequacy directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. In re Lernout & Hauspie Sec. Litig., 138 F. Supp. 2d 39, 46 (D. Mass. 2001).

Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiff. Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists if the named plaintiffs' claims arise from the "same events or course of conduct" and involve the same legal theory as do the claims of the rest of the class. In re Bank of Boston Corp. Sec. Litig., 762 F. Supp. 1525, 1532 (D. Mass. 1991). However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality. Guckenberger v. Boston Univ., 957 F. Supp. 306, 325 (D. Mass. 1997).

Movants seek to represent a class of purchasers of Elan securities who have identical, non-competing and non-conflicting interests. Movants satisfy the typicality requirement, because they: (i) purchased Elan Securities; (ii) at market prices allegedly artificially inflated as a result of Defendants' violations of the federal securities laws; and (iii) suffered damages thereby. Thus, typicality is satisfied since the claims asserted by Movants arise from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory. In re Lernout & Hauspie Sec. Litig., 138 F. Supp. at 46.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." "To meet the adequacy requirement, plaintiffs must demonstrate that they

have common interests and an absence of conflict with the class members and that the plaintiffs' attorneys are qualified, experienced and vigorously able to conduct the litigation." In re Lernout & Hauspie Sec. Litig., 138 F. Supp. at 46.

Here, Movants are adequate representatives of the class. As evidenced by the injury suffered by Movants, who purchased Elan securities at prices allegedly artificially inflated by Defendants' violations of the federal securities laws, the interests of Movants are clearly aligned with the members of the class, and there is no evidence of any antagonism between Movants' interests and those of the other members of the class. In addition, as shown below, Movants' proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Movants prima facie satisfy the typicality and adequacy requirements of Rule 23.

## POINT III

### The Court Should Approve Movants' Choice of Lead and Liaison Counsel

Pursuant to 15 U.S.C. § 78u-4 (a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class they seek to represent. In that regard, Movants have selected Stull, Stull & Brody to serve as Lead Counsel and Gilman and Pastor, LLP to serve as Liaison Counsel. Stull, Stull & Brody and Gilman and Pastor, LLP have extensive experience in successfully prosecuting shareholder and securities class actions and have frequently appeared in major actions in this and other courts. See Pastor Aff., Exs. D and E.

### CONCLUSION

For all the foregoing reasons, Movants respectfully request that the Court: (i) consolidate all related actions; (ii) appoint Movants as lead plaintiffs in the Actions; and (iii) approve Movants' selection of counsel as set forth herein.

8

Dated: May 3, 2005

                                        Respectfully submitted,

                                        **GILMAN AND PASTOR, LLP**

                                    By: <u>/s/ David Pastor</u>
                                            David Pastor (BBO# 391000)
                                            60 State Street
                                            37th Floor
                                            Boston, MA  02109
                                            (617) 742-9700
                                            **Proposed Liaison Counsel**
                                            **For Plaintiffs and the Class**

                                        **STULL, STULL & BRODY**
                                        Jules Brody
                                        Aaron Brody
                                        Michael J. Klein
                                        6 East 45th Street
                                        New York, New York 10017
                                        (212) 687-7230

                                        **Proposed Lead Counsel For**
                                        **Plaintiffs and The Class**