UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------x
WENDELL WILLIAMS, individually and        :
on behalf of all others similarly situated,   :        **Case No. 05-CV-10413-JLT**
                                                                  :
      Plaintiff,                                        :
                                                                  :
v.                                                              :
                                                                  :
ELAN CORPORATION, PLC, G. KELLY  :
MARTIN, LARS ECKMAN, and SHANE :
COOKE,                                                    :
      Defendants.                                   :
---------------------------------------------------------x
---------------------------------------------------------x
SIDNEY D. FELDMAN FAMILY TRUST, :
individually an on behalf of all others       :
similarly situated,                                    :        **Case No. 05-CV-10481-JLT**
                                                                  :
      Plaintiff,                                        :
                                                                  :
v.                                                              :
                                                                  :
ELAN CORPORATION, PLC, G. KELLY  :
MARTIN, LARS ECKMAN, and SHANE :
COOKE,                                                    :
      Defendants.                                   :
---------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF KYLE NEWCOMER FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL**

I. **INTRODUCTION**

Proposed Lead Plaintiff Kyle Newcomer ("Newcomer") respectfully submits this memorandum of law in support of his motion, pursuant to Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an Order (i) appointing Mr. Newcomer as Lead Plaintiff in this action on behalf of investors who purchased or otherwise acquired the publicly traded securities of Elan Corporation, PLC ("Elan") from February 18, 2004 through February 25, 2005, inclusive (the "Class Period") and (ii) approving Mr. Newcomer's selection of Schatz & Nobel, P.C. as Lead Counsel.

Mr. Newcomer's motion should be granted. Mr. Newcomer's motion is timely as it is filed within 60 days of the first published notice of this class action litigation against Defendants. Furthermore, as shown below, Mr. Newcomer is the "most adequate plaintiff" within the meaning of 15 U.S.C. § 78u-4(a)(3)(B), because Mr. Newcomer has the largest financial interest of any Lead Plaintiff Movant in the relief sought by the proposed Class and otherwise meets the requirements of Fed. R. Civ. P. 23(a). Finally, Mr. Newcomer's selection of Schatz & Nobel, P.C. as Counsel should be approved, as it has substantial experience prosecuting securities class action litigation.

II. **SUMMARY OF THE ALLEGATIONS AGAINST THE DEFENDANTS**

On March 4, 2005, Plaintiff Wendell Williams filed a complaint in this District on behalf of all persons who purchased securities of Elan (the "Class") between February 18, 2004 and February 25, 2005, inclusive (the "Class Period"). Since then, one additional case has been filed in this District against the Defendants.[1]

---

[1] Additionally, two cases have been filed in the Southern District of New York, and Movant is filing a motion for appointment as lead plaintiff, and approval of lead plaintiff's selection of lead

By their Complaints, Plaintiffs alleged, inter alia, that Elan and certain of its officers and directors (collectively "Defendants") violated Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, by issuing materially false and misleading statements. Specifically, the complaints allege that defendants issued false and misleading statements and omissions concerning the safety of Tysabri for use in the treatment of multiple sclerosis ("MS"). The complaints allege that defendants knew or recklessly disregarded and failed to disclose the following: (i) animal and human studies of Tysabri showed a significant risk of negative adverse effects resulting from its suppression of the immune system; (ii) the clinical trials of Tysabri and Tysabri in combination with Biogen's existing MS drug, Avonex, failed to include the full range of medical tests required to detect the type of adverse side effects likely to result from extended treatment with Tysabri, including PML ("Progressive Multifocal Leukoencephalopathy"), a frequently fatal disease of the central nervous system; and (iii) the potentially fatal side effects of Tysabri were cumulative such that there was a significant possibility that they would not become apparent after only a year or even two years of clinical trials.

The complaints further allege that defendants knew or recklessly disregarded that at least one subject of the clinical trials who had received Tysabri in combination with Avonex had become seriously ill, with symptoms of PML, such that the subject required hospitalization. By at least as early as February 18, 2005, defendants knew or recklessly disregarded that another clinical trial subject, also receiving Tysabri in combination with Avonex, had contracted what appeared to be PML. On February 24, 2005, one of the two clinical trial subjects died from PML. However, it was not until February 28, 2005, at least 21 days after the first PML-related hospitalization, that

---

counsel, concurrently in that district as well.

defendants disclosed to the investing public that anything was amiss much less that two clinical trial subjects had contracted PML, that one of them had already died of the disease, and that Tysabri was likely the cause. On February 28, 2005, defendants also announced that they were suspending sales of Tysabri.

**III.    NEWCOMER SHOULD BE APPOINTED AS LEAD PLAINTIFF**

    **A.    The Procedure for Appointment of Lead Plaintiff Under the PSLRA**

The PSLRA sets forth the procedure governing the appointment of Lead Plaintiff in each private action arising under the 1934 Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. See 15 U.S.C. § 78u-4(a)(1). Under the first step of this procedure, the plaintiff who files a putative class action under the Act must publish a notice advising members of the purported plaintiff class of the (i) pendency of the action, (ii) claims asserted therein, (iii) purported class period and (iv) option of any member of the purported class to move to serve as lead plaintiff of the purported class not later than 60 days after the date on which the notice is published. See 15 U.S.C. § 78u-4(a)(3)(A).

Under the PSLRA, the Court is then required to appoint as lead plaintiff the "most adequate plaintiff," which the Act defines as "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." See 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA further provides:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that--
>
>     (aa)    has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
>     (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  See Greebel v. FTP Software, Inc., 939 F. Supp. 57, 64 (D. Mass. 1996); Mitchell v. Complete Mgmt., Inc., No. 99 Civ. 1454 (DAB), 1999 WL 728678, at *2 (S.D.N.Y. Sept. 17, 1999).

  **B.** **The Notice Requirements Under The PSLRA Have Been Satisfied**

The notice requirements set forth in 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(I) and (II) have been satisfied.  On March 4, 2005, Johnson & Perkinson caused a notice to be published on Primezone that advised purchasers of Elan securities of (i) the pendency of a securities class action against defendants, (ii) the claims asserted, (iii) the purported class period in that litigation and (iv) the right of any member of the purported class to move the court to serve as lead plaintiff within the 60-day period (by May 3, 2005) (the "Notice").  Cf. Greebel, 939 F. Supp. at 62-63; In re Milestone Sci. Sec. Litig., 183 F.R.D. 404, 413 (D.N.J. 1998); In re Nice Sys. Sec. Litig., 188 F.R.D. 206, 216 (D.N.J. 1999).[2]

  **C.** **Mr. Newcomer Has The Largest Financial**
     **Interest In The Relief Sought By The Class**

Mr. Newcomer has "the largest financial interest in the relief sought" by the Class within the meaning of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  According to the information provided in the Certification of Named Plaintiff submitted by Mr. Newcomer (Kudler Declaration, Exhibit A), Mr. Newcomer sustained an estimated recoverable loss of over $418,000 as a result of Defendants'

---

  [2] A copy of the Notice is attached as Exhibit B to the May 3, 2005 Declaration of Justin S. Kudler in Support of Motion of John Newcomer for Appointment of Lead Plaintiff and for Approval of Choice of Counsel (the "Kudler Declaration").

fraud.[3] Mr. Newcomer knows of no other class member who has sought to be Lead Plaintiff who possesses a larger financial interest. Based on his significant losses, Mr. Newcomer will most effectively represent the interests of the Class.

    **D.**    **Mr. Newcomer Has Satisfied The Other Requirements Of The PSLRA**

Mr. Newcomer has satisfied each of the other requirements of the PSLRA. First, Mr. Newcomer has signed a certification, under oath, which:

    (i)    states that he has reviewed the Complaint;

    (ii)    states that he did not purchase his securities of Elan at the direction of plaintiffs' counsel or in order to participate in any private action arising under the federal securities laws;

    (iii)    states that he is willing to serve as representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;

    (iv)    sets forth all of his transactions in the securities of Elan during the Class Period; and

    (v)    states that he has not sought to serve, nor has he served, as a representative party on behalf of a class in any private federal securities action; and

    (vi)    states that he will not accept any payment for serving as a representative party on behalf of the class beyond his pro rata share of any recovery.

See 15 U.S.C. §§ 78u-4(a)(2)(A)(i)-(vi).

Second, Mr. Newcomer satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) of the Federal Rules of Civil Procedure is satisfied for the purposes of this motion where (i) the claims of the proposed lead plaintiff are typical of the claims of the class of investors which they seek to represent and (ii) the proposed lead plaintiff will fairly and adequately protect the interests of the class of investors which

---

[3] Exhibit A to the Kudler Declaration shows that Mr. Newcomer purchased 75,500 shares of Elan during the Class Period for a total price of $1,933.398.

he seeks to represent. "At this stage in the litigation, the party moving for lead plaintiff of the consolidated action need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." In re Olsten Corp. Sec. Litig., 2 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).[4]

Mr. Newcomer clearly satisfies the "typicality" and "adequacy" requirements under Rule 23(a). Under this rule, the "typicality" requirement is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Courts in this district have held that the typicality requirement is met where the plaintiff's claims arise from the same course of conduct and the same legal theory as the other class members' claims. In re Lernout & Hauspie Sec. Litig., 138 F. Supp. 2d 39, 46 (D. Mass. 2002).

In this action, Mr. Newcomer's claims are typical of the claims of the Class. Like all class members, Mr. Newcomer purchased securities of Elan at prices that were artificially inflated by Defendants' false and misleading representations and contends that Defendants violated Section 10(b) of the 1934 Act and SEC Rule 10b-5 promulgated thereunder. Accordingly, Mr. Newcomer's claims are typical of the claims of the class within the meaning of Rule 23(a)(3).

Mr. Newcomer will also fairly and adequately represent the interests of the class within the meaning of Federal Rule of Civil Procedure 23(a)(4). In this District, adequacy is determined by assessing whether the class representatives have interests antagonistic to the class, whether the representatives' counsel is capable and qualified, and whether the class has sufficient interest on the

---

[4] Although there are two other requirements under Fed.R.Civ.P. 23(a) -- that the class be so numerous that joinder of all members is impracticable (Fed.R.Civ.P. 23(a)(1)) and that there be questions of law or fact common to the class (Fed.R.Civ.P. 23(a)(2)) --"[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

outcome of the case to ensure vigorous adequacy. Adair v. Sorenson, 134 F.R.D. 13, 18 (D. Mass. 1991). In this case, Mr. Newcomer is an adequate representative for purchasers of Elan securities during the Class Period. The interests of Mr. Newcomer are clearly aligned with those of the members of the Class, and there is no evidence of any antagonism between his interests and those of the Class.

Finally, Mr. Newcomer has already demonstrated that he will adequately represent the interests of the class by having obtained qualified and experienced counsel, and by submitting a Certification of Named Plaintiff to the Court indicating that he is willing to assume the responsibilities of a lead plaintiff and class representative.

### E.   The Court Should Approve Mr. Newcomer's Selection Of Lead Counsel

The PSLRA expressly provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb a proposed lead plaintiff's choice unless "necessary to protect the interests of the plaintiff class." See Statement of Managers – "The Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H13691-08, at H13700 (daily ed. Nov. 28, 1995).

The Court should approve Schatz & Nobel, P.C. as Mr. Newcomer's choice of Lead Counsel. Schatz & Nobel, P.C. has extensive experience in the area of securities class action litigation, as detailed in its firm resume (Kudler Declaration, Exhibit C). Thus, the Court may be assured that the Class will receive the highest caliber of legal representation to vigorously advance its interests.

## IV.     CONCLUSION

For the foregoing reasons, Mr. Newcomer respectfully requests that this Court appoint him to serve as Lead Plaintiff on behalf of the class and approve his selection of Schatz & Nobel, P.C. as Lead Counsel.

Dated: May 3, 2005                              Respectfully submitted,

**SCHATZ & NOBEL, P.C.**

By: /s/ Justin S. Kudler
Justin S. Kudler (BBO #644824)
**Schatz & Nobel, P.C.**
One Corporate Center
20 Church Street, Suite 1700
Hartford, Connecticut  06103
Tel.:   (860) 493-6292
Fax:   (860) 493-6290

Counsel for Proposed Lead Plaintiff
Kyle Newcomer

Of Counsel:
Andrew M. Schatz
Jeffrey S. Nobel
Nancy A. Kulesa
**SCHATZ & NOBEL, P.C.**
One Corporate Center
20 Church Street, Suite 1700
Hartford, Connecticut  06103
Tel.: (860) 493-6292
Fax:  (860) 493-6290

CERTIFICATE OF SERVICE

    I hereby certify that this document was served via U.S. mail on this 3rd day of May, 2005 on all parties not registered electronically.

                                                                           /s/ NANCY A. KULESA