UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (BOSTON)

——————————————————————x

| | | |
|---|---|---|
| WENDELL WILLIAMS, Individually and on behalf of all others similarly situated, | : | Case No. 05-CV-10413 (JLT) |
| | : | |
| Plaintiff, | : | <u>CLASS ACTION</u> |
| | : | |
| vs. | : | |
| | : | |
| ELAN CORPORATION, PLC., G. KELLY MARTIN, LARS ECKMAN and SHANE COOKE, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| SIDNEY D. FELDMAN FAMILY TRUST, Individually and on behalf of all others similarly situated, | : | Case No. 05-CV-10481 (JLT) |
| | : | |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| ELAN CORPORATION, PLC., G. KELLY MARTIN, LARS ECKMAN and SHANE COOKE, | : | |
| | : | |
| Defendants. | : | |

**NOTICE OF NON-OPPOSITION TO THE INSTITUTIONAL INVESTOR GROUP'S
MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR
<u>APPROVAL OF SELECTION OF CO-LEAD COUNSEL</u>**

On May 3, 2005, lead plaintiff movants MN Services, Activest Investmentgesellschaft mbH, Electronic Trading Group L.L.C., Third Millenium Trading, LLP, Horatio Capital LLC, and Donald S. Frank (collectively, the "Institutional Investor Group" or "Movants") filed a motion for consolidation, appointment as lead plaintiff and for approval of their selection of lead counsel, pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B).  In the memorandum in support of its motion, the Institutional Investor Group set forth why it should be appointed as lead plaintiff, namely that it has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Fed. R. Civ. P. 23, as required by the Exchange Act.  *See* 15 U.S.C. §78u-4(a) (3) (B).

According to the provisions of the PSLRA, class members can move for appointment as lead plaintiff within 60 days after the notice of the pendency of the action is published.  *See* 15 U.S.C. §78u-4(a)(3)(B)(i).  Here, class members had to move by May 3, 2005 in order for their motions to be timely filed pursuant to the PSLRA.  The Conus Fund, the Conus Fund (QP), the Conus Fund Offshore, East Hudson Inc. (BVI), Steven Suran, and Gerald and Dian Harmon (collectively, the "Conus Fund Group"); Wendell Williams, Donato Pasquarelli, David Francoeur, and Daniel Leahy (collectively, the "Williams Group"); Kyle Newcomer; and William Haddad were the only other movants for appointment as lead plaintiff and approval of selection of lead counsel.  Pursuant to Local Rule 7.1(b)(2), any oppositions to the Institutional Investor Group's motion for appointment as lead plaintiff were to be filed no later than May 17, 2005.  On that day, the Institutional Investor Group filed a memorandum in further support of its

motion and in opposition to the motions filed by each of the other movants.  On the same day,

May 17, 2005, Kyle Newcomer filed a non-opposition brief, acknowledging that he is not the

presumptive most adequate plaintiff, and the Williams Group filed a notice of withdrawal of its

motion.  On May 18, 2005, William Haddad withdrew his motion.  The Conus Group has not

filed an opposition to the Institutional Investor Group's motion, or other response; however, its

reported financial interest of $4,247.383.06 is substantially smaller than the Institutional Investor

Group's reported financial interest of $17,985,086.31.   Therefore, the Conus Group is not

entitled to the presumption of most adequate plaintiff under the Exchange Act.

Because the Institutional Investor Group's motion is unopposed, and because the

Institutional Investor Group has met the requirements of the Exchange Act, the Institutional

Investor Group should be appointed lead plaintiff and its choice of Milberg Weiss Bershad &

Schulman LLP ("Milberg Weiss") and Entwistle & Cappucci LLP ("Entwistle & Cappucci") to

serve as Co-Lead Counsel should also be approved.  *See Squyres v. Union Tex. Petroleum*

*Holdings, Inc.,* No. CV 98-6085-LGB(AIJx), 1998 U.S. Dist. LEXIS 22945, at *6-*9 (C.D. Cal.

Nov. 2, 1998); *Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996); *Holley v. Kitty*

*Hawk, Inc.*, 200 F.R.D. 275, 279 (N.D. Tex. 2001).

Dated:  May 26, 2005
      Boston, Massachusetts

Respectfully submitted:
**MOULTON & GANS, P.C.**


By: /s/ Nancy Freeman Gans
    Nancy Freeman Gans, BBO #184540
    33 Broad Street, Suite 1100
    Boston, MA  02109
    Telephone:  (617) 369-7979

**Proposed Liaison Counsel**

**MILBERG WEISS BERSHAD**
 **& SCHULMAN LLP**
Steven G. Schulman
Peter E. Seidman
Anita B. Kartalopoulos
Sharon M. Lee
One Pennsylvania Plaza
New York, NY 10119
(212) 594-5300

**ENTWISTLE & CAPPUCCI LLP**
Vincent R. Cappucci
Stephen D. Oestreich
Robert N. Cappucci
299 Park Avenue
New York, NY  10171

**Proposed Lead Counsel**

## CERTIFICATE OF SERVICE

I, Nancy Freeman Gans, hereby certify that a true copy of the above document was served upon the attorney of record for each party.

/s/ Nancy Freeman Gans
Nancy Freeman Gans